**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| KEITH MOORE, | No. CV 10-4033-DDP (PLA) |
| Plaintiff, | **ORDER TO SHOW CAUSE RE EXPIRATION OF STATUTE OF LIMITATIONS** |
| v. | |
| SHERIFF LEE BACA, et al., | |
| Defendants. | |

On March 18, 2010, after the matter was transferred from the United States District Court for the Eastern District of California, plaintiff lodged with this Court a Complaint. As plaintiff requested leave to proceed in forma pauperis, the Court screened the Complaint for the purpose of determining whether the action was frivolous or malicious; or failed to state a claim on which relief may be granted; or sought monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). On June 7, 2010, plaintiff filed another Complaint with the Court. The Court has screened the new Complaint under the above standard.

As plaintiff has been previously advised, federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Federal civil rights claims arising in California after Wilson are

subject to the one-year limitations period set forth in Cal. Civ. Proc. Code § 340(3).  See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135 (9th Cir. 2001) (en banc); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir. 1989); Usher v. City of Los Angeles, 828 F.2d 556, 558-59 (9th Cir. 1987).  However, effective January 1, 2003, California enacted a new two-year statute of limitations for personal injury claims.  See Cal. Civ. Proc. Code § 335.1.  This statute is not retroactive and applies only to claims on which the statute of limitations had not already run on the effective day of the act.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) ("an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations"), cert. denied, 544 U.S. 968 (2005); see also Krupnick v. Duke Energy Morro Bay, LLC, 115 Cal. App. 4th 1026, 9 Cal. Rptr. 3d 767 (Cal. App. 2 Dist. 2004) (holding that the new 2-year statute of limitations did not apply retroactively to claims already barred on the effective date of the act).

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run.  See Wallace v. Kato, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  A cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his or her injury.  See Lee v. United States, 809 F.2d 1406, 1409-10 (9th Cir. 1987); Bagley, 923 F.2d at 760.  Additionally, federal courts must give effect to a state's tolling provisions.  See Hardin v. Straub, 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986).  In Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994), the Ninth Circuit held that the statute of limitations was tolled by a plaintiff's arrest and incarceration.  At the time Elliot was decided in 1994, Cal. Civ. Proc. Code § 352(a)(3) provided for the tolling of statutes of limitations for the entire period of time a plaintiff was "imprisoned on a criminal charge."  The Ninth Circuit held that this tolling provision was triggered by the plaintiff's arrest and incarceration.  See 25 F.3d at 802-03.  Subsequent to the Elliot decision, however, the California legislature amended § 352 to delete the provision providing indefinite tolling while a claimant was continuously imprisoned.  Concurrently, the legislature enacted § 352.1(a), which expressly limits such tolling to a period not to exceed two years.  The

1  revised statute became effective on January 1, 1995.  Thus, it appears from the face of the
2  Complaint that the statute of limitations may not be met in this case, as the alleged assault
3  occurred in January, 2006 (Complaint, at p. 5), but the initial Complaint was not presented to the
4  Court until March, 2010, more than four years later.

5  Accordingly, **no later than June 29, 2010**, plaintiff is ordered to show cause why this action
6  should not be dismissed for failure to meet the applicable statute of limitations.  **Failure to timely
7  respond to this order shall result in the Court recommending that this action be dismissed
8  for failure to prosecute and follow court orders.**

DATED: June 8, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

3