UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEITH MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF LEE BACA, et al.,<br><br>    Defendants. | No. CV 10-4033-DDP (PLA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

**I.**

**PROCEEDINGS**

On March 18, 2010, after the matter was transferred from the United States District Court for the Eastern District of California, plaintiff lodged with this Court a Complaint in Case No. 10-1995-UA (PLA). Plaintiff's request to proceed in forma pauperis in that action was denied by Chief Judge Audrey B. Collins on March 26, 2010. (See Order entered April 1, 2010, in Case No. 10-1995-UA (PLA)). On June 7, 2010, plaintiff filed the instant Complaint with the Court. As plaintiff again requested leave to proceed in forma pauperis, the Court screened the Complaint for the purpose of determining whether the action was frivolous or malicious; or failed to state a claim on which relief may be granted; or sought monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

On June 8, 2010, the Magistrate Judge issued an Order to Show Cause Re Expiration of Statute of Limitations, ordering plaintiff to show cause, no later than June 29, 2010, why this action should not be dismissed for failure to meet the applicable statute of limitations.  Specifically, the Magistrate Judge advised plaintiff that it appeared from the face of the Complaint that the statute of limitations may not be met in this case.  (See June 8, 2010, Order to Show Cause, at p. 3).  As plaintiff was advised in the Order to Show Cause, federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims.  Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).  Federal civil rights claims arising in California after Wilson are subject to the one-year limitations period set forth in Cal. Civ. Proc. Code § 340(3).  See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135 (9th Cir. 2001) (en banc); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir. 1989); Usher v. City of Los Angeles, 828 F.2d 556, 558-59 (9th Cir. 1987).  However, effective January 1, 2003, California enacted a new two-year statute of limitations for personal injury claims.  See Cal. Civ. Proc. Code § 335.1.  This statute is not retroactive and applies only to claims on which the statute of limitations had not already run on the effective day of the act.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) ("an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations"), cert. denied, 544 U.S. 968 (2005); see also Krupnick v. Duke Energy Morro Bay, LLC, 115 Cal. App. 4th 1026, 9 Cal. Rptr. 3d 767 (Cal. App. 2 Dist. 2004) (holding that the new 2-year statute of limitations did not apply retroactively to claims already barred on the effective date of the act).

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run.  See Wallace v. Kato, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  A cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his or her injury.  See Lee v. United States, 809 F.2d 1406, 1409-10 (9th Cir. 1987); Bagley, 923 F.2d at 760.  Additionally, federal courts must give effect to a state's tolling provisions.  See Hardin v. Straub, 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582

1  (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). In Elliott v. City of Union City, 25
2  F.3d 800 (9th Cir. 1994), the Ninth Circuit held that the statute of limitations was tolled by a
3  plaintiff's arrest and incarceration. At the time Elliot was decided in 1994, Cal. Civ. Proc. Code
4  § 352(a)(3) provided for the tolling of statutes of limitations for the entire period of time a plaintiff
5  was "imprisoned on a criminal charge." The Ninth Circuit held that this tolling provision was
6  triggered by the plaintiff's arrest and incarceration. See 25 F.3d at 802-03. Subsequent to the
7  Elliot decision, however, the California legislature amended § 352 to delete the provision providing
8  indefinite tolling while a claimant was continuously imprisoned. Concurrently, the legislature
9  enacted § 352.1(a), which expressly limits such tolling to a period not to exceed two years. The
10  revised statute became effective on January 1, 1995. Because the alleged assault upon which
11  the Complaint is based occurred in January 2006 (Complaint, at p. 5), but the initial Complaint was
12  not presented to the Court until March 2010, more than four years later, the Magistrate Judge
13  advised plaintiff that it appeared that the statute of limitations in this action may have lapsed.
14  Plaintiff was ordered to show cause why the action should not be dismissed on that basis. Plaintiff
15  was further advised that failure to timely respond to the Order to Show Cause would result in a
16  recommendation that the action be dismissed for failure to prosecute and follow court orders.
17  (See June 8, 2010, Order to Show Cause, at p. 3).

18  **Plaintiff has failed to respond to the June 8, 2010, Order to Show Cause Re**
19  **Expiration of Statute of Limitations, and the time to do so has expired**.

20
21  **II.**
22  **DISCUSSION**
23  It is well established that a district court has authority to dismiss a plaintiff's action because
24  of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link
25  v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding
26  that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in
27  the disposition of pending cases and to avoid congestion in the calendars of the district courts);
28

Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has not responded to the Magistrate Judge's Order to Show Cause why this action should not be dismissed for failure to meet the applicable statute of limitations, and has not evidenced his intention to proceed with this action. Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to show cause why the action should not be dismissed for failure to meet the applicable statute of limitations as directed by the Magistrate Judge's June 8, 2010, Order, or to submit any sort of response to the Order.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising plaintiff in the June 8, 2010, Order that

failure to comply with that Order would result in a recommendation that the action be dismissed for failure to prosecute and follow court orders.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the June 8, 2010, Order.

In light of the foregoing, the Court finds that dismissal of this action is appropriate for plaintiff's failure to prosecute and comply with court orders. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: _July 21, 2010__

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE