

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4.6.12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

KEITH MOORE,

                Plaintiff,

         vs.

LEE BACA et al.,

               Defendants.

Case No. CV 10-4033-DDP (JPR)

ORDER ACCEPTING FINDINGS AND
RECOMMENDATIONS OF U.S.
MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge with respect to Defendants' motions to dismiss.  No objections to the Report and Recommendation have been filed.  The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Court hereby dismisses the FAC for the reasons stated in the Report and Recommendation.

The FAC is also dismissed on the ground that Plaintiff has failed to diligently prosecute this action.  On December 15, 2011, the U.S. Magistrate Judge issued the Report and Recommendation, recommending that Defendants' motions to dismiss be granted and this action be dismissed with leave to amend.  On

1

1  January 12, 2012, Plaintiff filed an application for an extension
2  of time to file objections to the Report and Recommendation.   On
3  January 19, 2012, the Magistrate Judge issued an order granting
4  Plaintiff's request and giving him until March 12, 2012, to file
5  objections to the Report and Recommendation.   On January 30,
6  2012, the order granting Plaintiff's request was returned
7  undelivered, with the notation that Plaintiff had been paroled.

8      Plaintiff has not filed with the Court a change of address,
9  as required by Local Rule 41-6.   He appears to have moved from
10 his address of record two or more months ago.   His failure to
11 keep the Court apprised of his current address brings this case
12 within the purview of <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th
13 Cir. 1988).   There, in affirming the district court's dismissal
14 of a case for failure to prosecute, the Ninth Circuit observed
15 that "[i]t would be absurd to require the district court to hold
16 a case in abeyance indefinitely just because it is unable,
17 through the plaintiff's own fault, to contact the plaintiff to
18 determine if his reasons for not prosecuting his lawsuit are
19 reasonable or not."   <u>Id.</u>

20     In determining whether to dismiss a pro se plaintiff's
21 action for failure to prosecute, a court must consider "(1) the
22 public's interest in expeditious resolution of litigation; (2)
23 the court's need to manage its docket; (3) the risk of prejudice
24 to the defendants; (4) the public policy favoring disposition of
25 cases on their merits; and (5) the availability of less drastic
26 sanctions."   <u>Id.</u> at 1440.   Unreasonable delay creates a
27 rebuttable presumption of prejudice to the defendants that can be
28 overcome only with an affirmative showing of just cause by the

1  plaintiff.  <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

2      Here, the first, second, third, and fifth <u>Carey</u> factors

3  militate in favor of dismissal.  In particular, Plaintiff has

4  offered no explanation for his failure to keep the Court and

5  opposing counsel informed of his address.  Moreover, this action

6  has already been dismissed once for failure to prosecute.  On

7  July 21, 2010, the Court dismissed the action after Plaintiff

8  failed to respond to the Court's Order to Show Cause re:

9  Expiration of Statute of Limitations.  The action was reopened on

10  November 30, 2010, after it came to the Court's attention that

11  Plaintiff may not have received copies of the Court's previous

12  orders.  Thus, Plaintiff should be aware of the importance of

13  keeping the Court informed of his current address.  The Court

14  granted Plaintiff 60 additional days to respond to the Report and

15  Recommendation, but Plaintiff has failed to respond.  Together,

16  the factors in favor of dismissal outweigh the public's interest

17  in disposing of the case on its merits.

18      IT THEREFORE IS ORDERED that the FAC is dismissed for the

19  reasons stated in the Report and Recommendation as well as

20  pursuant to Local Rule 41-6 and the Court's inherent power to

21  achieve the orderly and expeditious disposition of cases by

22  dismissing actions for failure to prosecute.  <u>See</u> <u>Link v. Wabash</u>

23  <u>R.R.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734

24  (1962).

25      LET JUDGMENT BE ENTERED ACCORDINGLY.

26

27  DATED:   April 6, 2012

28                              DEAN D. PREGERSON
                                UNITED STATES DISTRICT JUDGE

3